77769

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
---------------------------------------------------------X
COACH SERVICES, INC.,                    :    Civil Action No. 07-cv-08354 (RPP)
                                         :
                Plaintiff,               :
                                         :
        v.                               :    COMPLAINT
                                         :
VANI U.S.A. INC.,                        :
LA VANI INC., GUANGZHOU HUANI            :
CO. LTD. and GUANGZHOU                   :
WEINI LEATHER CO. LTD.,                  :
                                         :
                Defendants.              :
---------------------------------------------------------X
```

Plaintiff COACH SERVICES, INC. ("Coach"), for its complaint against Defendants VANI U.S.A. INC., LA VANI INC., GUANGZHOU HUANI CO. LTD. and GUANGZHOU WEINI LEATHER CO. LTD., through its attorneys, states the following:

### NATURE OF THE ACTION

1.      In this action, Coach seeks relief for acts of trademark infringement, false designation of origin, dilution and unfair competition, under federal and state law. This action arises under the Lanham Act, Title 15 of the United States Code, and the laws of the State of New York.

2.      Plaintiff Coach is a corporation of the State of Maryland with its principal place of business in New York, New York. Coach is a leading manufacturer and distributor in the United States of consumer products made of leather and mixed materials. Coach has

conducted and is conducting business in interstate and international commerce and in this judicial district.

3. On information and belief, Defendant Vani U.S.A. Inc. ("Vani") is a corporation of the State of New York with its principal place of business in New York, New York. Vani has conducted and is conducting business in interstate commerce with the State of New York and in this judicial district.

4. On information and belief, defendant LA Vani Inc. ("LA Vani") is a corporation of the State of California with places of business in Los Angeles and Monterey Park, California. LA Vani has conducted and is conducting business in interstate commerce with the State of New York and in this judicial district.

5. On information and belief, defendant Guangzhou Huani Co. Ltd. ("Huani") is a corporation of the People's Republic of China with its principal place of business in Guangzhou, China. Huani has conducted and is conducting business in international commerce with the State of New York and in this judicial district.

6. On information and belief, defendant Guangzhou Weini Leather Co. Ltd. ("Weini") is a corporation of the People's Republic of China with its principal place of business in Guangzhou, China. Weini has conducted and is conducting business in international commerce with the State of New York and in this judicial district.

7. On information and belief, Vani, LA Vani, Weini and Huani, and other entities presently unknown to plaintiff Coach, have overlapping ownership and are operated as a single international enterprise. By way of example, Vani and LA Vani operate a common website at the Internet address, www.vani.com, and both Vani and LA Vani purchase goods interchangeably from Huani and Weini.

**JURISDICTION AND VENUE**

8. This civil action arises under the Lanham Act, 15 U.S.C. § 1051 et seq., and the laws of the State of New York. This Court has jurisdiction under 15 U.S.C. § 1121(a), 28 U.S.C. § 1331, 1332(a) and 1338(a), and under the principles of supplemental jurisdiction, 28 U.S.C. § 1367(a). The amount in controversy exceeds the sum or value of $150,000, exclusive of interest and costs.

9. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c). A substantial part of the events giving rise to the claims occurred in this judicial district.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

**Coach's Trademarks**

10. Coach was founded more than sixty years ago as a family-run workshop in a Manhattan loft. Since that time, Coach has been engaged in the manufacture, marketing and/or sale of fine leather and mixed material products including handbags, wallets, travel cases, briefcases, planners and diaries; leather goods; watches; eyewear; footwear; apparel; and accessories. Coach long has been manufacturing and selling in interstate commerce high quality leather and mixed material products under the marks COACH, COACH and Lozenge Design, COACH and Tag Design and CC Design (hereinafter "Coach Trademarks").

11. Coach is the owner of numerous U.S. trademark registrations as shown in the following paragraph 12. These registrations are valid and subsisting and are incontestable. Through longstanding use, advertising and registration, the Coach Trademarks have achieved a high degree of consumer recognition and constitute "famous" marks.

12. The following chart summarizes the relevant Coach trademark registrations for handbags, apparel, and other leather and/or mixed material goods:

| MARK | REG. NO. | REG. DATE |
|---|---|---|
| COACH | 751,493 | June 25, 1963 |
| COACH & Lozenge Design | 1,070,999 | August 9, 1977 |
| COACH | 1,071,000 | August 9, 1977 |
| COACH & Lozenge Design | 1,309,779 | December 18, 1984 |
| COACH & Lozenge Design | 2,045,676 | March 18, 1997 |
| COACH | 2,088,706 | August 19, 1997 |
| COACH & Tag Design | 2,088,707 | August 19, 1997 |
| CC Design | 2,626,565 | September 24, 2002 |

13. For four decades, Coach and its predecessors continuously have used the Coach Trademarks in interstate commerce in connection with the sale, distribution, promotion and advertising of its goods.

14. Coach has used the CC Design trademark in association with the sale of handbags and other leather and/or mixed material goods since at least as early as 2001.

15. Coach and its predecessors have achieved sales volume of over *two billion dollars* annually of goods bearing the Coach Trademarks. As such, the Coach Trademarks and the goodwill associated with the trademarks are valuable assets of Coach.

16. Coach and its predecessors have expended over *100 million dollars* annually in advertising, promotion, and marketing featuring the Coach Trademarks.

17. Due to Coach and its predecessors' long use, extensive sales, and significant advertising and promotional activities, the Coach Trademarks have achieved widespread acceptance and recognition among the consuming public and the trade throughout the United States. The arbitrary and distinctive Coach Trademarks identify Coach as the source or origin of goods bearing, sold under, distributed and advertised in association with the marks and Coach enjoys valuable goodwill in its marks.

**Defendants' Activities**

18. Long after Coach adopted and used its well established trademarks, and long after the Coach Trademarks had acquired distinctiveness among the consuming public and the trade, Defendants, without authorization from Coach, knowingly adopted and used in interstate and international commerce one or more of the Coach Trademarks in connection with counterfeit leather and/or mixed material goods.

19. On information and belief, Defendants adopted and used the Coach Trademarks with full and actual knowledge of Coach's distinctive trademarks. Defendants adopted the trademarks without Coach's express or implied consent.

20. Defendants adopted the Coach Trademarks with the intent to trade and capitalize on the goodwill generated by Coach's extensive and widespread use of its trademarks, as well as its extensive sales, advertising and consumer acceptance and recognition. The sale of Defendants' counterfeit leather and/or mixed material goods will induce and permit others to pass off Defendants' goods as those of Coach.

21. Defendant Huani applied to register a CC Trademark in the U.S. Patent and Trademark Office for goods of leather and/or mixed materials, but its application was refused as likely to cause confusion with the Coach Trademarks.

22. Defendants Huani and Weini have attempted to import into the United States goods of leather and/or mixed materials consigned to defendants Vani and LA Vani, but the goods were seized and detained by the U.S. Customs Service as counterfeits of the Coach Trademarks.

23. Defendants' use of the Coach Trademarks is likely to cause confusion, mistake and deception among the relevant consuming public. Consumers likely will believe that

the products displayed, offered for sale and sold by Defendants are actually Coach products, or are in some way associated with or approved by Coach, or that such products otherwise originate from the same source as do Coach's products. Defendants' use of Coach's Trademarks is likely to cause significant confusion, mistake and deception among the relevant consuming public.

24. Coach has been irreparably injured and monetarily damaged by the Defendants' acts. Coach has no adequate remedy at law.

## FIRST CLAIM FOR RELIEF

Federal Trademark Infringement, 15 U.S.C. § 1114(1)

25. Coach repeats and realleges the allegations in Paragraphs 1-24.

26. Defendants' unauthorized importation, use, distribution, offer for sale, and/or sale of leather and/or mixed material goods bearing a reproduction, counterfeit, copy, or colorable imitation of Coach's Trademarks is likely to cause confusion, mistake or deception as to origin, sponsorship or approval and therefore constitutes trademark infringement, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

27. Defendant's complained-of acts are willful and have damaged Coach, and unless restrained will continue to damage Coach, including causing irreparable injury to its reputation and goodwill. Coach has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

Violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

28. Coach repeats and realleges the allegations in Paragraphs 1-27.

29. Defendants' unauthorized importation, use, distribution, offer for sale, and/or sale of leather and/or mixed material goods bearing the Coach Trademarks constitutes a false designation of origin that is likely to cause confusion, mistake or deception as to origin,

6

sponsorship or approval and therefore constitutes unfair competition, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

30. Defendants' unauthorized importation, use, distribution, offer for sale, and/or sale of leather and/or mixed material goods bearing the Coach Trademarks constitutes a false representation that is likely to cause confusion, mistake and/or deceive the consuming public as to the affiliation and/or connection of Defendants' products as originating from or being sponsored by Coach when, in fact, they do not.

31. Defendants' complained-of acts are willful and have damaged Coach, and unless restrained will continue to damage Coach, including causing irreparable injury to its reputation and goodwill. Coach has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF

Violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)

32. Coach repeats and realleges the allegations in Paragraphs 1-31.

33. By reason of the foregoing acts, Defendants have diluted the distinctive quality of Coach's famous Coach Trademarks.

34. Upon information and belief, Defendants willfully intended to trade on Coach's reputation or to cause dilution of Coach's famous marks.

35. Defendants' complained-of acts are willful and have damaged Coach, and unless restrained will continue to damage Coach, including causing irreparable injury to its reputation and goodwill. Coach has no adequate remedy at law.

### FOURTH CLAIM FOR RELIEF

Violation of New York Statutory Law

36. Coach repeats and realleges the allegations in Paragraphs 1-35.

37. By reason of the foregoing acts, Defendants have engaged in unfair and fraudulent business practices in violation of New York statutory law, Section 360-l of the New York General Business Law.

38. Defendants' complained-of acts are willful and have damaged Coach, and unless restrained will continue to damage Coach, including causing irreparable injury to its reputation and goodwill. Coach has no adequate remedy at law.

### FIFTH CLAIM FOR RELIEF

<u>Unfair Competition and Trademark Infringement Under New York Common Law</u>

39. Coach repeats and realleges the allegations in Paragraphs 1-38.

40. By reason of the foregoing acts, Defendants have violated and infringed Coach's common law rights in its distinctive Coach Trademarks and has competed unfairly with Coach under the common law of the State of New York.

41. Defendants' complained-of acts are willful and have damaged Coach, and unless restrained will continue to damage Coach, including causing irreparable injury to its reputation and goodwill. Coach has no adequate remedy at law.

WHEREFORE, Coach demands judgment against Defendants as follows:

A. Preliminary and permanently enjoining Defendants, their agents, servants, employees, attorneys, and those persons, firms or corporations acting in concert and participation with them, from any importation, manufacture, advertisement, promotion, offer for sale, sale, purchase, distribution, movement or transfer of, or any other involvement with leather and/or mixed material goods bearing the Coach Trademarks, or any colorable imitation of Coach's distinctive trademarks;

  B. Finding that Defendants have infringed and diluted the Coach Trademarks and have engaged in acts of unfair competition;

  C. Ordering an accounting by Defendants to Coach of any profits gained from the sale of their leather and/or mixed material goods bearing Coach's Trademarks, or sold in association with the trademarks, or any other colorable imitation of Coach's Trademarks under 15 U.S.C. § 1117;

  D. Awarding damages to Coach in an amount yet to be determined, including damages for injury to Coach's business reputation and goodwill and all other damages arising out of Defendants' acts of infringement, false designation of origin, dilution and unfair competition under 15 U.S.C. § 1117;

  E. Entering an award of three times the amount of Coach's damages or Defendants' profits, whichever is greater, under 15 U.S.C. § 1117;

  F. Ordering destruction of all infringing materials pursuant to 15 U.S.C. § 1118; and

  G. Awarding such other and further relief as the Court may deem just and proper.

            COOPER & DUNHAM LLP

Date: September 25, 2007    By: /Norman H. Zivin/
              Norman H. Zivin (NZ-6053)
              Tonia A. Sayour (TS-7208)
              1185 Avenue of the Americas
              New York, New York 10036
              Telephone: (212) 278-0400
              Attorneys for Plaintiff