UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
BEFORE: THE HONORABLE ROBERT P. PATTERSON, JR., JUDGE

_____

| | |
|---|---|
| COACH SERVICES, INC., | |
| | Civil Action |
| Plaintiff, | |
| v. | Court No. 07-CIV-8354 |
| VANI U.S.A. INC., LA VANI INC., GUANGZHOU HUANI CO. LTD. and GUANGZHOU WEINI LEATHER CO. LTD., | |
| Defendants. | |

_____

## **PROPOSED ORDER**

Upon consideration of all of the pleadings and papers on file hereon, and good cause appearing therefor; it is hereby

ORDERED, that counsel for Defendants Guangzhou Huani Co. Ltd. and Guangzhou Weini Leather Co. Ltd.'s Motion to Withdraw as counsel in this action, is GRANTED.

_____
Judge

Dated: _____
   New York, New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
BEFORE: THE HONORABLE ROBERT P. PATTERSON, JR., JUDGE

| | |
|---|---|
| COACH SERVICES, INC., | |
| Plaintiff, | Civil Action |
| v. | Court No. 07-CIV-8354 |
| VANI U.S.A. INC., LA VANI INC., GUANGZHOU HUANI CO. LTD. and GUANGZHOU WEINI LEATHER CO. LTD., | |
| Defendants. | |

## MOTION TO WITHDRAW FROM REPRESENTATION OF DEFENDANTS GUANGZHOU HUANI CO. LTD. AND GUANGZHOU WEINI LEATHER CO. LTD.

Counsel seeks to withdraw from representing two of the Defendants in this case – Guangzhou Huani Co. Ltd. and Guangzhou Weini Leather Co. Ltd. On January 25, 2008, we were informed by these parties that they did not wish our firm to continue to represent them in this matter.

Pursuant to Model Code of Professional Responsibility Disciplinary Rule 2-110(d)(4), a lawyer must move the court for mandatory withdrawal from representing a client if discharged by that client. Local Civil Rule 1.4 for the SDNY provides that "an attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar." Because the Guangzhou Defendants no longer desire our representation, a satisfactory and mandatory

reason exists for requesting withdrawal as counsel from the case. As to this case's posture, the parties are currently in discovery with prospective mediation before Magistrate Judge Francis. The Guangzhou Defendants have not yet been served with process in this matter, and they contested this Court's jurisdiction over them in their Answer.

Counsel's application to withdraw is also governed by New York law. *See Cook v. Moran Atlantic Towing Corp.*, 79 F.R.D. 392, 394 (S.D.N.Y. 1978). Until an attorney of record withdraws or is changed or discharged in the manner prescribed by N.Y. C.P.L.R. 321, his authority as attorney of record continues. N.Y. C.P.L.R. 321(b), regarding change or withdrawal of attorney, provides that an attorney of record may withdraw by order of the court in which the action is pending, upon motion on notice to the client and to the attorneys of all other parties in the action. On January 28, 2008, we informed counsel for Plaintiff of our intent to move to withdraw as counsel for the Guangzhou Defendants in this matter.

Because the foreign defendants no longer desire our representation in this matter, we respectfully request that the Court grant our Motion to Withdraw as counsel for Defendants Guangzhou Huani Co. Ltd. and Guangzhou Weini Leather Co. Ltd.

                                                Respectfully Submitted,

                                                 /s/ Frances P. Hadfield_____
                                                Max F. Schutzman (MS – 9148)
                                                Frances P. Hadfield (FH – 5446)
                                                Grunfeld Desiderio Lebowitz
                                                Silverman & Klestadt, LLP
                                                399 Park Avenue, 25th Floor
                                                New York, NY 10022-4877
                                                Tel. (212) 557-4000
                                                Attorneys for Defendants

Dated: New York, New York
       January 28, 2008

    Filed Electronically.

## **CERTIFICATE OF SERVICE**

I hereby certify that I am over 18 years of age and that on 1/28/2008, I served a true and accurate copy of the annexed papers upon Plaintiff via U.S. mail in a securely enclosed envelope with sufficient postage affixed thereto, properly addressed to:

>Cooper & Dunham LLP
>Attn: Norman H. Zivin
>1185 Avenue of the Americas
>New York, New York 10036
>
>Attorney for Plaintiff

>Respectfully Submitted,
>
>\_\_/s/ Frances P. Hadfield_____
>Frances P. Hadfield
>Grunfeld Desiderio Lebowitz
>Silverman & Klestadt, LLP
>399 Park Avenue, 25th Floor
>New York, NY 10022-4877
>Tel. (212) 557-4000
>
>Attorney for Defendants

383763_1