# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X
COACH SERVICES, INC.,                    :     Civil Action No. 07-cv-08354 (RPP)
                                         :
           Plaintiff,             :
                                         :
    v.                                :
                                         :
VANI U.S.A. INC.,                        :
LA VANI INC., GUANGZHOU HUANI            :
CO. LTD. and GUANGZHOU                   :
WEINI LEATHER CO. LTD.,                  :
                                         :
           Defendants.            :
------------------------------------------------------X

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
## OF DOCUMENTS AND THINGS TO DEFENDANTS

Plaintiff, Coach Services, Inc. ("Coach" or "plaintiff"), hereby requests that defendants Vani U.S.A., Inc., ("Vani USA"), LA Vani Inc. ("LA Vani") Guangzhou Huani Co. Ltd ("Huani") and Guangzhou Weini Leather Co. Ltd. ("Weini") (collectively "Vani" or "Defendants"), produce for inspection and copying, the following documents and things in accordance with Rule 34 of the Federal Rules of Civil Procedure, within 30 days after service hereof, at the offices of Cooper & Dunham LLP, 1185 Avenue of the Americas, New York, New York 10036, or at such other time and place as may be agreed upon by counsel.

### DEFINITIONS AND INSTRUCTIONS

In addition to the definitions set forth in Local Rule 26.3 of the United States District Court for the Southern District of New York, the following definitions apply.

A.    "Vani USA" means defendant Vani USA Inc. and includes all individuals and/or entities, and any divisions, departments, parents, predecessors, successors, subsidiaries, affiliates, licensees, licensors and other organizational or operating units of such entities, and any

former officers, directors, owners, employees, agents or attorneys of same, who act or have acted, purport to act or have purported to act on its behalf, or under its control.

B. "LA Vani" means defendant LA Vani Inc. and includes all individuals and/or entities, and any divisions, departments, parents, predecessors, successors, subsidiaries, affiliates, licensees, licensors and other organizational or operating units of such entities, and any former officers, directors, owners, employees, agents or attorneys of same, who act or have acted, purport to act or have purported to act on its behalf, or under its control.

C. "Huani" means defendant Guangzhou Huani Co. Ltd and includes all individuals and/or entities, and any divisions, departments, parents, predecessors, successors, subsidiaries, affiliates, licensees, licensors and other organizational or operating units of such entities, and any former officers, directors, owners, employees, agents or attorneys of same, who act or have acted, purport to act or have purported to act on its behalf, or under its control.

D. "Weini" means defendant Guangzhou Weini Leather Co. Ltd and includes all individuals and/or entities, and any divisions, departments, parents, predecessors, successors, subsidiaries, affiliates, licensees, licensors and other organizational or operating units of such entities, and any former officers, directors, owners, employees, agents or attorneys of same, who act or have acted, purport to act or have purported to act on its behalf, or under its control.

E. The terms "identify" or "state the identity" mean:

    (i) In the case of a person, to state: (a) name, (b) last known business or residence address, (c) employer or business affiliation, and (d) occupation or business position held. The term "person" includes a company, firm, corporation or association.

    (ii) In the case of a company, firm, corporation or association, to state: (a) name, (b) business address, and (c) identity of persons having knowledge of the matter about which the company, firm, corporation or association is named.

    (iii) In the case of a document, to state: (a) the author of the document, (b) its title, or a description of the general nature of its subject matter, (c) the identity of the recipients of the original and copies, if any, (d) its date of preparation, (e) its dates and manner of distribution and publication, if any, (f) its present location and custodian, and (g) any privileges claimed and a description of the basis therefor.

F.    The terms "document" and/or "documents" are defined to be synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure, and specifically includes, without being limited thereto, the following items, whether or not claimed to be privileged against discovery on any ground and including all original, drafts, masters and non-identical copies, namely: agreements, contracts and memoranda of understanding; assignments; licenses; correspondence and communications; e-mail, e-mail attachments, word processing files, spreadsheets, databases, and other computerized data that may exist only in electronic form, electronically stored documents and facsimiles; reports, notes; summaries and records of personal conversations and interviews; books, manuals, publications; specification and/or data sheets; sketches and drawings; photographs; motion pictures; audio and video tapes and disks; models and mock-ups; reports and/or summaries of investigations; opinions and reports of experts and consultants; applications and registrations; opinions of counsel; books of account; statements, bills, invoices, checks and vouchers; reports and summaries of negotiations; brochures; pamphlets; catalogs and catalog sheets; sales

      literature and sale promotion materials; advertisements; displays; circulars; trade letters; notices and announcements; press, publicity, trade and product releases; drafts or originals of or preliminary notes on and marginal comments appearing on any document; other reports and records; and other information-containing papers, writings, computer or electronic storage media or physical things.

G.    The term "referring or relating to" includes responding to, concerning, connected with, commenting on, regarding, discussing, showing, describing, reflecting, analyzing, constituting and forming a basis for.

H.    These requests seek documents regardless of their location and regardless of where any products are made or sold.

I.    Each category of documents in these requests extends to any and all documents in your possession, custody, or control. A document shall be deemed to be in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document in whole or in part; or (b) have a right by contract, statute, or otherwise to use, inspect, examine, or copy such document; or (c) have an understanding, express or implied, that you may use, inspect, examine, or copy such document; or (d) as a practical matter, have been able to use, inspect, examine, or copy such document. Such documents shall include, but are not limited to, documents that are in the custody of any of your attorneys, representatives, or other agents.

J.    If the attorney-client privilege or any other privilege is claimed as to any document, called for by these requests, the response thereto shall state: (1) the date of such document, its title or subject matter, and the number of pages; (2) the name(s) and address(es) of the person(s) who prepared it and the person(s) to whom it was directed,

circulated or who received or reviewed a copy thereof; (3) the name(s) and the address(es) of the person(s) now in possession of such document; and (4) the specific nature of the privilege claimed with respect to such document, including a full statement of the factual and legal basis underlying such claim of privilege.

K.  All requests for the production of documents shall be construed to include any additional documents responsive to these requests that are discovered or produced after the date of production.

## DOCUMENT REQUESTS

### Document Request No. 1

All documents and things referring or relating to Plaintiff, or Plaintiff's CC Design trademark (a representation of which follows), or any investigation thereof by or on behalf of Defendants:



### Document Request No. 2

All documents referring or relating to the conception, design, selection, clearance, evaluation, and/or adoption of the following design marks (hereinafter referred to as the "Design Marks"), by Defendants, including without limitation all trademark searches, trademark scans and opinions pertaining to the availability for use and/or registration of each Design Mark:



### Document Request No. 3

All documents referring or relating to all other marks or designs considered by Defendants for use in connection with the goods they sell or offer for sale under any mark similar to Plaintiff's CC Design trademark or any variation or portion thereof, including, but not limited to the Design Marks.

### Document Request No. 4

With respect to the goods sold or offered for sale by Defendants under any mark similar to Plaintiff's CC Design trademark or any variation or portion thereof, including, but not limited to Defendants' Design Marks:

   (a) one of each style label, decal, carton, packaging, stationery and other printed items bearing any mark similar to Plaintiff's CC Design trademark or any variation or portion thereof, including, but not limited to Defendants' Design Marks, which Defendants have used, sold or offered for sale;

   (b) a copy of each advertisement, catalog, brochure, and any other promotional piece which Defendants placed or distributed relating to the goods sold or offered for sale under any mark similar to Plaintiff's CC Design trademark, or any variation or portion thereof, including but not limited to Defendants' Design Marks;

   (c) a copy of each publication, including but not limited to magazines, newsletters, newspapers and websites, where any mark similar to Plaintiff's CC Design trademark or any variation or portion thereof, including, but not limited to Defendants' Design Marks, has appeared; and

   (d) one of each style of handbag and/or wallet bearing any mark similar to Plaintiff's CC Design trademark or any variation or portion thereof, including, but not limited to Defendants' Design Marks.

**Document Request No. 5**

All documents identifying all persons, companies, and /or customers of Defendants that offer Defendants' goods for sale or resale under any mark similar to Plaintiff's CC Design trademark or any variation or portion thereof, including, but not limited to Defendants' Design Marks.

**Document Request No. 6**

All documents referring or relating to Defendants' first use of any mark similar to Plaintiff's CC Design trademark or any variation or portion thereof, including, but not limited to

Defendants' Design Marks, in interstate, domestic or international commerce.

**Document Request No. 7**

All documents referring or relating to any federal registration of or application to register any mark similar to Plaintiff's CC Design trademark or any variation or portion thereof, including but not limited to Defendants' Design Marks, by Defendants in the United States or any other country.

**Document Request No. 8**

Documents summarizing the dollar amount spent by Defendants advertising and promoting their goods under any mark similar to Plaintiff's CC Design trademark or any variation or portion thereof, including, but not limited to Defendants' Design Marks, for the years 2001 through 2007 (to date).

**Document Request No. 9**

All documents identifying the trade channels and publications in which Defendants advertise or promote their goods under any mark similar to Plaintiff's CC Design trademark or any variation or portion thereof, including, but not limited to Defendants' Design Marks.

**Document Request No. 10**

All documents (including but not limited to any communications by any person) evidencing that anyone has confused Defendants' goods with goods sold by Plaintiff or has confused Defendants' goods as originating with, being sponsored by, or licensed by the same party who markets goods bearing the CC Design trademark (as depicted above in Document Request 1).

**Document Request No. 11**

All documents referring or relating to any seizures, detentions, destruction or refusal of

8

importation of Defendants' goods bearing any mark similar to Plaintiff's CC Design trademark or any variation or portion thereof, including, but not limited to Defendants' Design Marks, including the dates and quantities and types of goods seized, detained, destroyed or refused by the Bureau of Customs and Border Protection.

**Document Request No. 12**

All contracts, agreements, consents, undertakings, assignments or licenses to which Defendants are a party, referring or relating to any mark similar to Plaintiff's CC Design trademark or any variation or portion thereof, including, but not limited to Defendants' Design Marks, and all documents referring or relating to the negotiation, execution, or performance of any such contracts.

**Document Request No. 13**

All documents referring or relating to Defendants' marketing of goods sold or offered for sale under any mark similar to Plaintiff's CC Design trademark or any variation or portion thereof, including, but not limited to Defendants' Design Marks.

**Document Request No. 14**

All documents referring or relating to manufacturing, supplying, importing, distributing and selling goods in connection with any mark similar to Plaintiff's CC Design trademark or any variation or portion thereof, including, but not limited to Defendants' Design Marks.

**Document Request No. 15**

Documents summarizing the dollar and unit sales or revenue for Defendants' goods sold or distributed in connection with any mark similar to Plaintiff's CC Design trademark or any variation or portion thereof, including, but not limited to Defendants' Design Marks, for the years 2001 through 2007 (to date).

**Document Request No. 16**

Documents identifying the owners/officers/principals of all Defendants.

**Document Request No. 17**

All contracts and communications between Defendants and their distributors, referring or relating to any mark similar to Plaintiff's CC Design trademark or any variation or portion thereof, including, but not limited to Defendants' Design Marks, and all documents referring or relating to the negotiation, execution, or performance of any such contracts.

**Document Request No. 18**

Documents summarizing the style number or SKU number of any goods sold or distributed in connection with any mark similar to Plaintiff's CC Design trademark or any variation or portion thereof, including, but not limited to Defendants' Design Marks.

**Document Request No. 19**

Documents relating to any travel between the United States, Hong Kong and China, including, but not limited to copies of passports and travel information, for the following individuals: (a) Xuejiang Chen; (b) Zoe Teng (Zue); (c) Wei Hong Cui (Wilson); (d) Yan Chen; (e) Ji Xing Li (Li Ji Xing); (f) Xue Bing Lu; (g) Enlian Li (Li Enlian); (h) Tang Lijan; and (i) Feng Xao Mei.

**Document Request No. 20**

Documents identifying the relationship (a) between Vani USA and LA Vani, (b) between Vani USA and Weini, (c) between Vani USA and Huani, (d) between LA Vani and Weini, (e) between LA Vani and Huani, (f) between Weini and Huani, (g) between Vani USA and Vani Miami, Inc., (h) between LA Vani and Vani Miami, Inc., (i) between Vani Miami, Inc. and Huani; and (j) between Vani Miami, Inc. and Weini.

**Document Request No. 20**

Documents identifying the homepage of any website that is (a) publicly available; and (b) not publicly available.

COOPER & DUNHAM LLP

Date: December 21, 2007

By: /s/ Tonia A. Sayour
Norman H. Zivin (NZ-6053)
Tonia A. Sayour (TS-7208)
1185 Avenue of the Americas
New York, New York 10036
Telephone: (212) 278-0400

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing **PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANTS** was delivered by first class mail this 25 day of December, 2007, addressed as follows:

Max F. Schutzman, Esq.
Frances P. Hadfield, Esq.
GRUNFELD, DESIDERIO, LEBOWITZ,
SILVERMAN & KLESTADT, LLP 399 Park Avenue
25th Floor
New York, New York 10022

Attorneys for Defendants

Tonia A. Sayour