# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

COACH SERVICES, INC.,                   :        Civil Action No. 07-cv-08354 (RPP)

                          Plaintiff,     :

                                         :

        v.                               :

                                         :

VANI U.S.A. INC.,                        :
LA VANI INC., GUANGZHOU HUANI   :
CO. LTD. and GUANGZHOU          :
WEINI LEATHER CO. LTD.,                  :

                                         :

                          Defendant.     :

_____

## DEFENDANT'S RESPONSE TO PLAINTIFF'S
## DOCUMENT REQUESTS

Pursuant to FRCP 34, Defendants Vani U.S.A. Inc. and LA Vani Inc. ("Defendants or Defendants Vani"), through undersigned counsel, hereby respond and object to Plaintiff's document requests. This response is based upon documents presently available to and located by Defendants Vani and is given without prejudice to Defendants right to produce additional documents at a later date should they become located and available as a result of subsequent review of its records or as a result of additional investigation or discovery. Document Numbers 1-250 were produced to Plaintiff in Defendants initial disclosure, and although referenced herein are not reproduced.

Defendants Guangzhou Huani and Guangzhou Weini have not responded to our attempts to contact them since they terminated their relationship with us. Accordingly,

we are only able to reference materials that they had previously provided to us, which were already produced to Plaintiff in Defendants' initial disclosure.

## General Objections

1.      Defendants shall respond to the requests as if directed only at documents within its possession, custody or control.

2.      Defendants object to Interrogatories that call for information not within Defendants' care, custody, or control, and/or which Defendants are not required to maintain under applicable laws and regulations

3.      By producing or failing to produce some or all of the requested documents, Defendants do not concede the relevance or materiality of any request or the subject to which it relates.

4.      Defendants object to all requests to the extent that the request seeks documents protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege.

5.      Inadvertent production of privileged information by Defendants shall not constitute waiver of any applicable privilege or doctrine, including, but not limited to, objections on the basis of competency, confidentiality, relevancy, materiality, privilege and/or admissibility as evidence as such objections may apply at trial or otherwise in this action.

6.      Defendants object to each and every Interrogatory to the extent it calls for information that is not relevant to any claim or defense in this lawsuit, and/or is not reasonably calculated to lead to the discovery of admissible evidence.

7.      Defendants objects to each and every request to the extent they call for

information protected by the United States Constitution and any applicable statutes, including,

but not limited to, the right of privacy.

8.      Defendants reserve the right to supplement these responses and to assert

additional objections as warranted.

## Document Request No. 1

All documents and things referring or relating to Plaintiff, or Plaintiffs CC

Design trademark (a representation of which follows), or any investigation thereof by

or on behalf of Defendants:

**Answer:** Document Numbers 146, 149, 151, 153-156, 251, 252, 253

## Document Request No. 2

All documents referring or relating to the conception, design, selection,

clearance, evaluation, and/or adoption of the following design marks (hereinafter

referred to as the "Design Marks"), by Defendants, including without limitation all

trademark searches, trademark scans and opinions pertaining to the availability for use

and/or registration of each Design Mark:

**Answer:** Documents 254-260

## Document Request No. 3

All documents referring or relating to all other marks or designs considered by

Defendants for use in connection with the goods they sell or offer for sale under any

mark similar to Plaintiff's CC Design trademark or any variation or portion thereof,
including, but not limited to the Design Marks.

**Answer:** Documents 153-156

**Document Request No. 4**

With respect to the goods sold or offered for sale by Defendants under any mark
similar to Plaintiffs CC Design trademark or any variation or portion thereof, including,
but not limited to Defendants' Design Marks:

one of each style label, decal, carton, packaging, stationery and other printed
items bearing any mark similar to Plaintiffs CC Design trademark or any variation or
portion thereof, including, but not limited to Defendants' Design Marks, which
Defendants have used, sold or offered for sale;

a copy of each advertisement, catalog, brochure, and any other promotional
piece which Defendants placed or distributed relating to the goods sold or offered for
sale under any mark similar to Plaintiffs CC Design trademark, or any variation or
portion thereof, including but not limited to Defendants' Design Marks;

a copy of each publication, including but not limited to magazines, newsletters,
newspapers and websites, where any mark similar to Plaintiffs CC Design trademark or
any variation or portion thereof, including, but not limited to Defendants' Design
Marks, has appeared; and

One of each style of handbag and/or wallet bearing any mark similar to Plaintiffs
CC Design trademark or any variation or portion thereof, including, but not limited to
Defendants' Design Marks.

**Answer:**

Defendants Vani have not sold goods or offered for sale goods under any mark similar to Plaintiffs CC Design trademark in the United States.

Defendants Vani have not advertised or promoted goods sold or offered for sale under any mark similar to Plaintiffs CC Design trademark in the United States.

Defendants Vani do not make or have any handbags and/or wallets bearing any mark similar to Plaintiffs CC Design trademark or any variation or portion thereof in their possession.

Accordingly, there are no documents or goods within Defendants' care, custody, or control that it can produce in response to this interrogatory.

**Document Request No. 5**

All documents identifying all persons, companies, and /or customers of Defendants that offer Defendants' goods for sale or resale under any mark similar to Plaintiffs CC Design trademark or any variation or portion thereof, including, but not limited to Defendants' Design Marks.

**Answer:** There are no documents within Defendants' care, custody, or control responsive to this interrogatory.

**Document Request No. 6**

All documents referring or relating to Defendants' first use of any mark similar to Plaintiffs CC Design trademark or any variation or portion thereof, including, but not limited to Defendants' Design Marks, in interstate, domestic or international commerce.

**Answer:** There are no documents within Defendants' care, custody, or control responsive to this interrogatory.

## Document Request No. 7

All documents referring or relating to any federal registration of or application to register any mark similar to Plaintiffs CC Design trademark or any variation or portion thereof, including but not limited to Defendants' Design Marks, by Defendants in the United States or any other country.

**Answer:** Document Number 153

## Document Request No. 8

Documents summarizing the dollar amount spent by Defendants advertising and promoting their goods under any mark similar to Plaintiffs CC Design trademark or any variation or portion thereof, including, but not limited to Defendants' Design Marks, for the years 2001 through 2007 (to date).

**Answer:** Defendants Vani did not advertise or promote goods under any mark similar to Plaintiffs CC Design trademark or any variation or portion thereof. Accordingly, there are no documents within Defendants' care, custody, or control responsive to this interrogatory.

## Document Request No. 9

All documents identifying the trade channels and publications in which Defendants advertise or promote their goods under any mark similar to Plaintiffs CC

Design trademark or any variation or portion thereof, including, but not limited to Defendants' Design Marks.

**Answer:** Defendants Vani did not advertise or promote their goods under any mark similar to Plaintiffs CC Design trademark or any variation or portion thereof. Accordingly, there are no documents within Defendants' care, custody, or control responsive to this interrogatory.

## Document Request No. 10

All documents (including but not limited to any communications by any person) evidencing that anyone has confused Defendants' goods with goods sold by Plaintiff or has confused Defendants' goods as originating with, being sponsored by, or licensed by the same party who markets goods bearing the CC Design trademark (as depicted above in Document Request 1).

**Answer:** Defendants Vani do not sell goods confusingly similar to goods bearing the CC design trademark. There are no documents within Defendants' care, custody, or control responsive to this interrogatory.

## Document Request No. 11

All documents referring or relating to any seizures, detentions, destruction or refusal of importation of Defendants' goods bearing any mark similar to Plaintiff's CC Design trademark or any variation or portion thereof, including, but not limited to

Defendants' Design Marks, including the dates and quantities and types of goods

seized, detained, destroyed or refused by the Bureau of Customs and Border Protection.

Answer: Document Number 146, 149, 151, 251, 252, 253

## Document Request No. 12

All contracts, agreements, consents, undertakings, assignments or licenses to

which Defendants are a party, referring or relating to any mark similar to Plaintiff's CC

Design trademark or any variation or portion thereof, including, but not limited to

Defendants' Design Marks, and all documents referring or relating to the negotiation,

execution, or performance of any such contracts.

Answer: There are no documents within Defendants' care, custody, or control

responsive to this interrogatory.

## Document Request No. 13

All documents referring or relating to Defendants' marketing of goods sold or

offered for sale under any mark similar to Plaintiff's CC Design trademark or any

variation or portion thereof, including, but not limited to Defendants' Design Marks.

Answer: There are no documents within Defendants' care, custody, or control

responsive to this interrogatory.

**Document Request No. 14**

All documents referring or relating to manufacturing, supplying, importing, distributing and selling goods in connection with any mark similar to Plaintiff's CC Design trademark or any variation or portion thereof, including, but not limited to Defendants' Design Marks.

**Answer:** There are no documents within Defendants' care, custody, or control responsive to this interrogatory.

**Document Request No. 15**

Documents summarizing the dollar and unit sales or revenue for Defendants' goods sold or distributed in connection with any mark similar to Plaintiff's CC Design trademark or any variation or portion thereof, including, but not limited to Defendants' Design Marks, for the years 2001 through 2007 (to date).

**Answer:** There are no documents within Defendants' care, custody, or control responsive to this interrogatory.

**Document Request No. 16**

Documents identifying the owners/officers/principals of all Defendants.

**Answer:**
**LA Vani**
Document Numbers 136-138, 240-244
**Vani USA**
Document Number 116-120, 272
**Defendants Guangzhou (produced in initial disclosure)**
Document Number 120-134

**Document Request No. 17**

All contracts and communications between Defendants and their distributors, referring or relating to any mark similar to Plaintiff's CC Design trademark or any variation or portion thereof, including, but not limited to Defendants' Design Marks, and all documents referring or relating to the negotiation, execution, or performance of any such contracts.

**Answer:** There are no documents within Defendants' care, custody, or control can responsive to this interrogatory.

**Document Request No. 18**

Documents summarizing the style number or SKU number of any goods sold or distributed in connection with any mark similar to Plaintiff's CC Design trademark or any variation or portion thereof, including, but not limited to Defendants' Design Marks.

**Answer:** Defendants Vani do not have any style numbers or SKU numbers of any goods sold or distributed in connection with any mark similar to Plaintiff's CC Design trademark. Accordingly, there are no documents within Defendants' care, custody, or control responsive to this interrogatory.

**Document Request No. 19**

Documents relating to any travel between the United States, Hong Kong and China, including, but not limited to copies of passports and travel information, for the following individuals: (a) Xuejiang Chen; (b) Zoe Teng (Zue); (c) Wei Hong Cui

10

(Wilson); (d) Yan Chen; (e) Ji Xing Li (Li Ji Xing); (f) Xue Bing Lu; (g) Enlian Li (Li Enlian); (h) Tang Lijan; and (i) Feng Xao Mei.

**Answer:** Defendants Vani object to this request for personal travel information as being beyond the scope of this trademark action, not relevant, and unlikely to lead to any admissible evidence. Additionally, the request invades the parties' privacy rights.

## Document Request No. 20

Documents identifying the relationship (a) between Vani USA and LA Vani, (b) between Vani USA and Weini, (c) between Vani USA and Huani, (d) between LA Vani and Weini, (e) between LA Vani and Huani, (f) between Weini and Huani, (g) between Vani USA and Vani Miami, Inc., (h) between LA Vani and Vani Miami, Inc., (i) between Vani Miami, Inc. and Huani; and (j) between Vani Miami, Inc. and Weini.

**Answer:**

(a) Document Number 140-142, Commercial document examples 273-278

(b) Commercial document examples 279-287

(c) There are no documents within Defendants' care, custody, or control responsive to this interrogatory.

(d) There are no documents within Defendants' care, custody, or control responsive to this interrogatory.

(e) There are no documents within Defendants' care, custody, or control responsive to this interrogatory.

(f) There are no documents within Defendants' care, custody, or control responsive to this interrogatory.

(g) Commercial document examples 288-299

11

(h) There are no documents within Defendants' care, custody, or control responsive to this interrogatory.

(i) There are no documents within Defendants' care, custody, or control responsive to this interrogatory.

(j) There are no documents within Defendants' care, custody, or control responsive to this interrogatory.

**Document Request No. 20**

Documents identifying the homepage of any website that is (a) publicly available; and (b) not publicly available.

**Answer:** Document Numbers 270-271.

SUBMITTED BY:

FRANCES P. HADFIELD

GRUNFELD, DESIDERIO, LEBOWITZ, SILVERMAN & KLESTADT, LLP
399 Park Ave, 25th Floor
New York, New York 10022
Tel. 212-557-4000

12

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing DEFENDANT'S RESPONSE

TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND

THINGS TO DEFENDANTS was sent via Federal Express on March 14, 2008,

addressed as follows:

Tonia Sayour
Cooper & Dunham
1185 Avenue of the Americas
New York, New York 10036

Frances P. Hadfield

384942_1

13