RECEIVE
APR 1 7 2008
CHAMBERS OF
JUDGE ROBERT P. PATTERSON

# COOPER & DUNHAM LLP
## ATTORNEYS AT LAW

1185 AVENUE OF THE AMERICAS, NEW YORK, NEW YORK 10036
TELEPHONE: (212) 278-0400

CHRISTOPHER C. DUNHAM
NORMAN H. ZIVIN
JOHN P. WHITE
ROBERT B.G. HOROWITZ
ERIC O. KIRSCH
GARY J. GERSHIK
WENDY E. MILLER
ROBERT T. MALDONADO
MARIA V. MARUCCI
JEFFREY C. SHIEH
TONIA A. SAYOUR
ASHOK G. CHANDRA*
LISA E. HORWITZ*

IVAN S. KAVRUKOV
PETER D. MURRAY
WILLIAM E. PELTON
ROBERT D. KATZ
PAUL TENG
PETER J. PHILLIPS
RICHARD S. MILNER
RICHARD F. JAWORSKI
AUDE GERSPACHER
BRIAN J. AMOS
GREGORY J. CARBO
JOSEPH A. SHERINSKY*
HINDY R. DYM*

*NEW YORK STATE BAR ADMISSION PENDING

FACSIMILE: (212) 391-0525
(212) 391-0526
(212) 391-0630
(212) 391-0631
(212) 827-0247

SCIENTIFIC ADVISOR
JAMES R. MAJOR, D. PHIL.
AMANDA L. WILLIS. PH.D.

FOUNDED 1887
www.cooperdunham.com

April 16, 2008

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/17/08

**BY HAND**
Honorable Robert P. Patterson
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2250
New York, New York   10007

　　　　Re:　Coach Services, Inc. v. Vani U.S.A. Inc.
　　　　　　 Civil Action No. 07-Civ-08354 (RPP)
　　　　　　 Our Docket No. 7162/77769

Dear Judge Patterson:

　　Plaintiff, COACH SERVICES, INC. ("Coach"), hereby requests a pre-motion conference to discuss an order, pursuant to Rule 37 F.R.Civ.P., compelling defendants GUANGZHOU WEINI LEATHER CO. LTD. ("Weini") and GUANGZHOU HUANI CO. LTD. ("Huani") to answer Coach's first request for production of documents and things, served December 21, 2007, and to produce the documents and things requested therein.  A copy of the request, which was addressed to all defendants, is attached as Exhibit A.

　　On March 14, 2008, defendants VANI USA, INC. ("Vani") and L.A. VANI, INC. ("LA Vani") responded to Coach's document requests. However, as shown by the response, a copy of which is attached as Exhibit B, defendants Weini and Huani did not respond.  Defendants' counsel stated that:

　　　"Defendants Guangzhou Huani and Guangzhou Weini have not responded to our attempts to contact them since they terminated their relationship with us.  Accordingly, we are only able to reference materials that they had previously provided to us, which were already produced to Plaintiff in Defendants' initial disclosure."  (pp. 1-2)

Honorable Robert P. Patterson
April 16, 2008
Page 2

Coach's undersigned counsel communicated with defendants' counsel by letter of March 20, 2008 (attached as Exhibit C), and by subsequent telephone conferences and email and at a personal conference on April 14, 2008, but no responses have been received, and defendants' counsel does not expect that they will receive further information or documents from Weini or Huani.

Therefore, it is respectfully requested that the Court hold a conference or otherwise issue an order that defendants Huani and Weini respond to discovery forthwith, and for such other and further relief as the Court deems just and proper.

Respectfully,

Norman H. Zivin (NZ-6053)
Attorney for Plaintiff

NHZ/ef
Enclosures

*SEE TYPEWRITTEN MEMO ENDORSEMENT ATTACHED*

cc: Frances P. Hadfield, Esq. (by hand)

Application granted

Defendants Quangzhou HUANI Co. Ltd and Quangzhou Weini Leather Co Ltd having appeared herein by Grunfeld, Desiderio, Lebowitz, Silverman and Klestadt LLP by Francis P. Hadfield, are hereby ordered to respond to the plaintiff's first Request for Production of documents and Things by April 30, 2008.

So ordered

4/17/08

Case:      Coach Services v. Vani USA. Inc., et al.
Index No.  07 Civ. 8354 (RPP)


**MEMO ENDORSEMENT READS:**

*Application granted.*

*Defendants Guangzhou Weini Leather Co. Ltd., having appeared herein by Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt, LLP by Frances P. Hadfield, are hereby ordered to respond to the Plaintiff's First Request for Production of Document and Things to by April 30, 2008.*

*So ordered.*

*Robert P. Patterson, Jr., U.S.D.J., 4/17/08*

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------X
COACH SERVICES, INC.,                 :          Civil Action No. 07-cv-08354 (RPP)
                                      :
        Plaintiff,                    :
                                      :
        v.                            :
                                      :
VANI U.S.A. INC.,                     :
LA VANI INC., GUANGZHOU HUANI         :
CO. LTD. and GUANGZHOU                :
WEINI LEATHER CO. LTD.,               :
                                      :
        Defendants.                   :
-----------------------------------------------------X

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
## OF DOCUMENTS AND THINGS TO DEFENDANTS

Plaintiff, Coach Services, Inc. ("Coach" or "plaintiff"), hereby requests that defendants

Vani U.S.A., Inc., ("Vani USA"), LA Vani Inc. ("LA Vani") Guangzhou Huani Co. Ltd

("Huani") and Guangzhou Weini Leather Co. Ltd. ("Weini") (collectively "Vani" or

"Defendants"), produce for inspection and copying, the following documents and things in

accordance with Rule 34 of the Federal Rules of Civil Procedure, within 30 days after service

hereof, at the offices of Cooper & Dunham LLP, 1185 Avenue of the Americas, New York, New

York 10036, or at such other time and place as may be agreed upon by counsel.

## DEFINITIONS AND INSTRUCTIONS

In addition to the definitions set forth in Local Rule 26.3 of the United States District

Court for the Southern District of New York, the following definitions apply.

A.      "Vani USA" means defendant Vani USA Inc. and includes all individuals and/or entities,

        and any divisions, departments, parents, predecessors, successors, subsidiaries, affiliates,

        licensees, licensors and other organizational or operating units of such entities, and any

former officers, directors, owners, employees, agents or attorneys of same, who act or have acted, purport to act or have purported to act on its behalf, or under its control.

B.   "LA Vani" means defendant LA Vani Inc. and includes all individuals and/or entities, and any divisions, departments, parents, predecessors, successors, subsidiaries, affiliates, licensees, licensors and other organizational or operating units of such entities, and any former officers, directors, owners, employees, agents or attorneys of same, who act or have acted, purport to act or have purported to act on its behalf, or under its control.

C.   "Huani" means defendant Guangzhou Huani Co. Ltd and includes all individuals and/or entities, and any divisions, departments, parents, predecessors, successors, subsidiaries, affiliates, licensees, licensors and other organizational or operating units of such entities, and any former officers, directors, owners, employees, agents or attorneys of same, who act or have acted, purport to act or have purported to act on its behalf, or under its control.

D.   "Weini" means defendant Guangzhou Weini Leather Co. Ltd and includes all individuals and/or entities, and any divisions, departments, parents, predecessors, successors, subsidiaries, affiliates, licensees, licensors and other organizational or operating units of such entities, and any former officers, directors, owners, employees, agents or attorneys of same, who act or have acted, purport to act or have purported to act on its behalf, or under its control.

E.   The terms "identify" or "state the identity" mean:

   (i)   In the case of a person, to state: (a) name, (b) last known business or residence address, (c) employer or business affiliation, and (d) occupation or business position held.  The term "person" includes a company, firm, corporation or association.

2

(ii) In the case of a company, firm, corporation or association, to state: (a) name, (b) business address, and (c) identity of persons having knowledge of the matter about which the company, firm, corporation or association is named.

(iii) In the case of a document, to state: (a) the author of the document, (b) its title, or a description of the general nature of its subject matter, (c) the identity of the recipients of the original and copies, if any, (d) its date of preparation, (e) its dates and manner of distribution and publication, if any, (f) its present location and custodian, and (g) any privileges claimed and a description of the basis therefor.

F.     The terms "document" and/or "documents" are defined to be synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure, and specifically includes, without being limited thereto, the following items, whether or not claimed to be privileged against discovery on any ground and including all original, drafts, masters and non-identical copies, namely: agreements, contracts and memoranda of understanding; assignments; licenses; correspondence and communications; e-mail, e-mail attachments, word processing files, spreadsheets, databases, and other computerized data that may exist only in electronic form, electronically stored documents and facsimiles; reports, notes; summaries and records of personal conversations and interviews; books, manuals, publications; specification and/or data sheets; sketches and drawings; photographs; motion pictures; audio and video tapes and disks; models and mock-ups; reports and/or summaries of investigations; opinions and reports of experts and consultants; applications and registrations; opinions of counsel; books of account; statements, bills, invoices, checks and vouchers; reports and summaries of negotiations; brochures; pamphlets; catalogs and catalog sheets; sales

literature and sale promotion materials; advertisements; displays; circulars; trade letters; notices and announcements; press, publicity, trade and product releases; drafts or originals of or preliminary notes on and marginal comments appearing on any document; other reports and records; and other information-containing papers, writings, computer or electronic storage media or physical things.

G.   The term "referring or relating to" includes responding to, concerning, connected with, commenting on, regarding, discussing, showing, describing, reflecting, analyzing, constituting and forming a basis for.

H.   These requests seek documents regardless of their location and regardless of where any products are made or sold.

I.   Each category of documents in these requests extends to any and all documents in your possession, custody, or control. A document shall be deemed to be in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document in whole or in part; or (b) have a right by contract, statute, or otherwise to use, inspect, examine, or copy such document; or (c) have an understanding, express or implied, that you may use, inspect, examine, or copy such document; or (d) as a practical matter, have been able to use, inspect, examine, or copy such document. Such documents shall include, but are not limited to, documents that are in the custody of any of your attorneys, representatives, or other agents.

J.   If the attorney-client privilege or any other privilege is claimed as to any document, called for by these requests, the response thereto shall state: (1) the date of such document, its title or subject matter, and the number of pages; (2) the name(s) and address(es) of the person(s) who prepared it and the person(s) to whom it was directed,

circulated or who received or reviewed a copy thereof; (3) the name(s) and the address(es) of the person(s) now in possession of such document; and (4) the specific nature of the privilege claimed with respect to such document, including a full statement of the factual and legal basis underlying such claim of privilege.

K.    All requests for the production of documents shall be construed to include any additional documents responsive to these requests that are discovered or produced after the date of production.

## DOCUMENT REQUESTS

### Document Request No. 1

All documents and things referring or relating to Plaintiff, or Plaintiff's CC Design trademark (a representation of which follows), or any investigation thereof by or on behalf of Defendants:



### Document Request No. 2

All documents referring or relating to the conception, design, selection, clearance, evaluation, and/or adoption of the following design marks (hereinafter referred to as the "Design Marks"), by Defendants, including without limitation all trademark searches, trademark scans and opinions pertaining to the availability for use and/or registration of each Design Mark:



**Document Request No. 3**

All documents referring or relating to all other marks or designs considered by Defendants for use in connection with the goods they sell or offer for sale under any mark similar to Plaintiff's CC Design trademark or any variation or portion thereof, including, but not limited to the Design Marks.

**Document Request No. 4**

With respect to the goods sold or offered for sale by Defendants under any mark similar to Plaintiff's CC Design trademark or any variation or portion thereof, including, but not limited to Defendants' Design Marks:

(a) one of each style label, decal, carton, packaging, stationery and other printed items bearing any mark similar to Plaintiff's CC Design trademark or any variation or portion thereof, including, but not limited to Defendants' Design Marks, which Defendants have used, sold or offered for sale;

(b)    a copy of each advertisement, catalog, brochure, and any other promotional piece which Defendants placed or distributed relating to the goods sold or offered for sale under any mark similar to Plaintiff's CC Design trademark, or any variation or portion thereof, including but not limited to Defendants' Design Marks;

(c)    a copy of each publication, including but not limited to magazines, newsletters, newspapers and websites, where any mark similar to Plaintiff's CC Design trademark or any variation or portion thereof, including, but not limited to Defendants' Design Marks, has appeared; and

(d)    one of each style of handbag and/or wallet bearing any mark similar to Plaintiff's CC Design trademark or any variation or portion thereof, including, but not limited to Defendants' Design Marks.

**Document Request No. 5**

All documents identifying all persons, companies, and /or customers of Defendants that offer Defendants' goods for sale or resale under any mark similar to Plaintiff's CC Design trademark or any variation or portion thereof, including, but not limited to Defendants' Design Marks.

**Document Request No. 6**

All documents referring or relating to Defendants' first use of any mark similar to Plaintiff's CC Design trademark or any variation or portion thereof, including, but not limited to

Defendants' Design Marks, in interstate, domestic or international commerce.

**Document Request No. 7**

All documents referring or relating to any federal registration of or application to register any mark similar to Plaintiff's CC Design trademark or any variation or portion thereof, including but not limited to Defendants' Design Marks, by Defendants in the United States or any other country.

**Document Request No. 8**

Documents summarizing the dollar amount spent by Defendants advertising and promoting their goods under any mark similar to Plaintiff's CC Design trademark or any variation or portion thereof, including, but not limited to Defendants' Design Marks, for the years 2001 through 2007 (to date).

**Document Request No. 9**

All documents identifying the trade channels and publications in which Defendants advertise or promote their goods under any mark similar to Plaintiff's CC Design trademark or any variation or portion thereof, including, but not limited to Defendants' Design Marks.

**Document Request No. 10**

All documents (including but not limited to any communications by any person) evidencing that anyone has confused Defendants' goods with goods sold by Plaintiff or has confused Defendants' goods as originating with, being sponsored by, or licensed by the same party who markets goods bearing the CC Design trademark (as depicted above in Document Request 1).

**Document Request No. 11**

All documents referring or relating to any seizures, detentions, destruction or refusal of

importation of Defendants' goods bearing any mark similar to Plaintiff's CC Design trademark or any variation or portion thereof, including, but not limited to Defendants' Design Marks, including the dates and quantities and types of goods seized, detained, destroyed or refused by the Bureau of Customs and Border Protection.

**Document Request No. 12**

All contracts, agreements, consents, undertakings, assignments or licenses to which Defendants are a party, referring or relating to any mark similar to Plaintiff's CC Design trademark or any variation or portion thereof, including, but not limited to Defendants' Design Marks, and all documents referring or relating to the negotiation, execution, or performance of any such contracts.

**Document Request No. 13**

All documents referring or relating to Defendants' marketing of goods sold or offered for sale under any mark similar to Plaintiff's CC Design trademark or any variation or portion thereof, including, but not limited to Defendants' Design Marks.

**Document Request No. 14**

All documents referring or relating to manufacturing, supplying, importing, distributing and selling goods in connection with any mark similar to Plaintiff's CC Design trademark or any variation or portion thereof, including, but not limited to Defendants' Design Marks.

**Document Request No. 15**

Documents summarizing the dollar and unit sales or revenue for Defendants' goods sold or distributed in connection with any mark similar to Plaintiff's CC Design trademark or any variation or portion thereof, including, but not limited to Defendants' Design Marks, for the years 2001 through 2007 (to date).

9

**Document Request No. 16**

Documents identifying the owners/officers/principals of all Defendants.

**Document Request No. 17**

All contracts and communications between Defendants and their distributors, referring or relating to any mark similar to Plaintiff's CC Design trademark or any variation or portion thereof, including, but not limited to Defendants' Design Marks, and all documents referring or relating to the negotiation, execution, or performance of any such contracts.

**Document Request No. 18**

Documents summarizing the style number or SKU number of any goods sold or distributed in connection with any mark similar to Plaintiff's CC Design trademark or any variation or portion thereof, including, but not limited to Defendants' Design Marks.

**Document Request No. 19**

Documents relating to any travel between the United States, Hong Kong and China, including, but not limited to copies of passports and travel information, for the following individuals: (a) Xuejiang Chen; (b) Zoe Teng (Zue); (c) Wei Hong Cui (Wilson); (d) Yan Chen; (e) Ji Xing Li (Li Ji Xing); (f) Xue Bing Lu; (g) Enlian Li (Li Enlian); (h) Tang Lijan; and (i) Feng Xao Mei.

**Document Request No. 20**

Documents identifying the relationship (a) between Vani USA and LA Vani, (b) between Vani USA and Weini, (c) between Vani USA and Huani, (d) between LA Vani and Weini, (e) between LA Vani and Huani, (f) between Weini and Huani, (g) between Vani USA and Vani Miami, Inc., (h) between LA Vani and Vani Miami, Inc., (i) between Vani Miami, Inc. and Huani; and (j) between Vani Miami, Inc. and Weini.

**Document Request No. 20**

Documents identifying the homepage of any website that is (a) publicly available; and (b)

not publicly available.

COOPER & DUNHAM LLP

Date: December 21, 2007          By: _____

Norman H. Zivin (NZ-6053)
Tonia A. Sayour (TS-7208)
1185 Avenue of the Americas
New York, New York 10036
Telephone: (212) 278-0400

Attorneys for Plaintiff

11

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing **PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANTS** was delivered by first class mail this 21st day of December, 2007, addressed as follows:

> Max F. Schutzman, Esq.
> Frances P. Hadfield, Esq.
> GRUNFELD, DESIDERIO, LEBOWITZ,
> SILVERMAN & KLESTADT, LLP 399 Park Avenue
> 25th Floor
> New York, New York 10022
>
> Attorneys for Defendants

Tonia A. Sayour

12

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| COACH SERVICES, INC., | : | Civil Action No. 07-cv-08354 (RPP) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| VANI U.S.A. INC., | : | |
| LA VANI INC., GUANGZHOU HUANI | : | |
| CO. LTD. and GUANGZHOU | : | |
| WEINI LEATHER CO. LTD., | : | |
| | : | |
| Defendant. | : | |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S
### DOCUMENT REQUESTS

Pursuant to FRCP 34, Defendants Vani U.S.A. Inc. and LA Vani Inc.

("Defendants or Defendants Vani"), through undersigned counsel, hereby respond and

object to Plaintiff's document requests. This response is based upon documents

presently available to and located by Defendants Vani and is given without prejudice to

Defendants right to produce additional documents at a later date should they become

located and available as a result of subsequent review of its records or as a result of

additional investigation or discovery. Document Numbers 1-250 were produced to

Plaintiff in Defendants initial disclosure, and although referenced herein are not

reproduced.

Defendants Guangzhou Huani and Guangzhou Weini have not responded to our

attempts to contact them since they terminated their relationship with us. Accordingly,

we are only able to reference materials that they had previously provided to us, which were already produced to Plaintiff in Defendants' initial disclosure.

## General Objections

1.     Defendants shall respond to the requests as if directed only at documents within its possession, custody or control.

2.     Defendants object to Interrogatories that call for information not within Defendants' care, custody, or control, and/or which Defendants are not required to maintain under applicable laws and regulations

3.     By producing or failing to produce some or all of the requested documents, Defendants do not concede the relevance or materiality of any request or the subject to which it relates.

4.     Defendants object to all requests to the extent that the request seeks documents protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege.

5.     Inadvertent production of privileged information by Defendants shall not constitute waiver of any applicable privilege or doctrine, including, but not limited to, objections on the basis of competency, confidentiality, relevancy, materiality, privilege and/or admissibility as evidence as such objections may apply at trial or otherwise in this action.

6.     Defendants object to each and every Interrogatory to the extent it calls for information that is not relevant to any claim or defense in this lawsuit, and/or is not reasonably calculated to lead to the discovery of admissible evidence.

7.    Defendants objects to each and every request to the extent they call for
information protected by the United States Constitution and any applicable statutes, including,
but not limited to, the right of privacy.

8.    Defendants reserve the right to supplement these responses and to assert
additional objections as warranted.

## Document Request No. 1

All documents and things referring or relating to Plaintiff, or Plaintiffs CC
Design trademark (a representation of which follows), or any investigation thereof by
or on behalf of Defendants:

**Answer:** Document Numbers 146, 149, 151, 153-156, 251, 252, 253

## Document Request No. 2

All documents referring or relating to the conception, design, selection,
clearance, evaluation, and/or adoption of the following design marks (hereinafter
referred to as the "Design Marks"), by Defendants, including without limitation all
trademark searches, trademark scans and opinions pertaining to the availability for use
and/or registration of each Design Mark:

**Answer:** Documents 254-260

## Document Request No. 3

All documents referring or relating to all other marks or designs considered by
Defendants for use in connection with the goods they sell or offer for sale under any

3

mark similar to Plaintiff's CC Design trademark or any variation or portion thereof, including, but not limited to the Design Marks.

    **Answer:** Documents 153-156

### Document Request No. 4

    With respect to the goods sold or offered for sale by Defendants under any mark similar to Plaintiffs CC Design trademark or any variation or portion thereof, including, but not limited to Defendants' Design Marks:

    one of each style label, decal, carton, packaging, stationery and other printed items bearing any mark similar to Plaintiffs CC Design trademark or any variation or portion thereof, including, but not limited to Defendants' Design Marks, which Defendants have used, sold or offered for sale;

    a copy of each advertisement, catalog, brochure, and any other promotional piece which Defendants placed or distributed relating to the goods sold or offered for sale under any mark similar to Plaintiffs CC Design trademark, or any variation or portion thereof, including but not limited to Defendants' Design Marks;

    a copy of each publication, including but not limited to magazines, newsletters, newspapers and websites, where any mark similar to Plaintiffs CC Design trademark or any variation or portion thereof, including, but not limited to Defendants' Design Marks, has appeared; and

    One of each style of handbag and/or wallet bearing any mark similar to Plaintiffs CC Design trademark or any variation or portion thereof, including, but not limited to Defendants' Design Marks.

    **Answer:**

4

Defendants Vani have not sold goods or offered for sale goods under any mark similar to Plaintiffs CC Design trademark in the United States.

Defendants Vani have not advertised or promoted goods sold or offered for sale under any mark similar to Plaintiffs CC Design trademark in the United States.

Defendants Vani do not make or have any handbags and/or wallets bearing any mark similar to Plaintiffs CC Design trademark or any variation or portion thereof in their possession.

Accordingly, there are no documents or goods within Defendants' care, custody, or control that it can produce in response to this interrogatory.

**Document Request No. 5**

All documents identifying all persons, companies, and /or customers of Defendants that offer Defendants' goods for sale or resale under any mark similar to Plaintiffs CC Design trademark or any variation or portion thereof, including, but not limited to Defendants' Design Marks.

**Answer:** There are no documents within Defendants' care, custody, or control responsive to this interrogatory.

**Document Request No. 6**

All documents referring or relating to Defendants' first use of any mark similar to Plaintiffs CC Design trademark or any variation or portion thereof, including, but not limited to Defendants' Design Marks, in interstate, domestic or international commerce.

**Answer:** There are no documents within Defendants' care, custody, or control responsive to this interrogatory.

## Document Request No. 7

All documents referring or relating to any federal registration of or application to register any mark similar to Plaintiffs CC Design trademark or any variation or portion thereof, including but not limited to Defendants' Design Marks, by Defendants in the United States or any other country.

**Answer:** Document Number 153

## Document Request No. 8

Documents summarizing the dollar amount spent by Defendants advertising and promoting their goods under any mark similar to Plaintiffs CC Design trademark or any variation or portion thereof, including, but not limited to Defendants' Design Marks, for the years 2001 through 2007 (to date).

**Answer:** Defendants Vani did not advertise or promote goods under any mark similar to Plaintiffs CC Design trademark or any variation or portion thereof. Accordingly, there are no documents within Defendants' care, custody, or control responsive to this interrogatory.

## Document Request No. 9

All documents identifying the trade channels and publications in which Defendants advertise or promote their goods under any mark similar to Plaintiffs CC

6

Design trademark or any variation or portion thereof, including, but not limited to
Defendants' Design Marks.

**Answer:** Defendants Vani did not advertise or promote their goods under any
mark similar to Plaintiffs CC Design trademark or any variation or portion thereof.
Accordingly, there are no documents within Defendants' care, custody, or control
responsive to this interrogatory.

### Document Request No. 10

All documents (including but not limited to any communications by any person)
evidencing that anyone has confused Defendants' goods with goods sold by Plaintiff or
has confused Defendants' goods as originating with, being sponsored by, or licensed by
the same party who markets goods bearing the CC Design trademark (as depicted
above in Document Request 1).

**Answer:** Defendants Vani do not sell goods confusingly similar to goods
bearing the CC design trademark. There are no documents within Defendants' care,
custody, or control responsive to this interrogatory.

### Document Request No. 11

All documents referring or relating to any seizures, detentions, destruction or
refusal of importation of Defendants' goods bearing any mark similar to Plaintiff's CC
Design trademark or any variation or portion thereof, including, but not limited to

Defendants' Design Marks, including the dates and quantities and types of goods

seized, detained, destroyed or refused by the Bureau of Customs and Border Protection.

Answer: Document Number 146, 149, 151, 251, 252, 253

### Document Request No. 12

All contracts, agreements, consents, undertakings, assignments or licenses to

which Defendants are a party, referring or relating to any mark similar to Plaintiff's CC

Design trademark or any variation or portion thereof, including, but not limited to

Defendants' Design Marks, and all documents referring or relating to the negotiation,

execution, or performance of any such contracts.

Answer: There are no documents within Defendants' care, custody, or control

responsive to this interrogatory.

### Document Request No. 13

All documents referring or relating to Defendants' marketing of goods sold or

offered for sale under any mark similar to Plaintiff's CC Design trademark or any

variation or portion thereof, including, but not limited to Defendants' Design Marks.

Answer: There are no documents within Defendants' care, custody, or control

responsive to this interrogatory.

**Document Request No. 14**

All documents referring or relating to manufacturing, supplying, importing, distributing and selling goods in connection with any mark similar to Plaintiff's CC Design trademark or any variation or portion thereof, including, but not limited to Defendants' Design Marks.

**Answer:** There are no documents within Defendants' care, custody, or control responsive to this interrogatory.


**Document Request No. 15**

Documents summarizing the dollar and unit sales or revenue for Defendants' goods sold or distributed in connection with any mark similar to Plaintiff's CC Design trademark or any variation or portion thereof, including, but not limited to Defendants' Design Marks, for the years 2001 through 2007 (to date).

**Answer:** There are no documents within Defendants' care, custody, or control responsive to this interrogatory.


**Document Request No. 16**

Documents identifying the owners/officers/principals of all Defendants.

**Answer:**
**LA Vani**
Document Numbers 136-138, 240-244
**Vani USA**
Document Number 116-120, 272
**Defendants Guangzhou (produced in initial disclosure)**
Document Number 120-134

**Document Request No. 17**

All contracts and communications between Defendants and their distributors, referring or relating to any mark similar to Plaintiff's CC Design trademark or any variation or portion thereof, including, but not limited to Defendants' Design Marks, and all documents referring or relating to the negotiation, execution, or performance of any such contracts.

**Answer:** There are no documents within Defendants' care, custody, or control can responsive to this interrogatory.

**Document Request No. 18**

Documents summarizing the style number or SKU number of any goods sold or distributed in connection with any mark similar to Plaintiff's CC Design trademark or any variation or portion thereof, including, but not limited to Defendants' Design Marks.

**Answer:** Defendants Vani do not have any style numbers or SKU numbers of any goods sold or distributed in connection with any mark similar to Plaintiff's CC Design trademark. Accordingly, there are no documents within Defendants' care, custody, or control responsive to this interrogatory.

**Document Request No. 19**

Documents relating to any travel between the United States, Hong Kong and China, including, but not limited to copies of passports and travel information, for the following individuals: (a) Xuejiang Chen; (b) Zoe Teng (Zue); (c) Wei Hong Cui

(Wilson); (d) Yan Chen; (e) Ji Xing Li (Li Ji Xing); (f) Xue Bing Lu; (g) Enlian Li (Li Enlian); (h) Tang Lijan; and (i) Feng Xao Mei.

**Answer:** Defendants Vani object to this request for personal travel information as being beyond the scope of this trademark action, not relevant, and unlikely to lead to any admissible evidence. Additionally, the request invades the parties' privacy rights.

### Document Request No. 20

Documents identifying the relationship (a) between Vani USA and LA Vani, (b) between Vani USA and Weini, (c) between Vani USA and Huani, (d) between LA Vani and Weini, (e) between LA Vani and Huani, (f) between Weini and Huani, (g) between Vani USA and Vani Miami, Inc., (h) between LA Vani and Vani Miami, Inc., (i) between Vani Miami, Inc. and Huani; and (j) between Vani Miami, Inc. and Weini.

**Answer:**

(a) Document Number 140-142, Commercial document examples 273-278

(b) Commercial document examples 279-287

(c) There are no documents within Defendants' care, custody, or control responsive to this interrogatory.

(d) There are no documents within Defendants' care, custody, or control responsive to this interrogatory.

(e) There are no documents within Defendants' care, custody, or control responsive to this interrogatory.

(f) There are no documents within Defendants' care, custody, or control responsive to this interrogatory.

(g) Commercial document examples 288-299

11

(h) There are no documents within Defendants' care. custody, or control responsive to this interrogatory.

(i) There are no documents within Defendants' care, custody, or control responsive to this interrogatory.

(j) There are no documents within Defendants' care, custody, or control responsive to this interrogatory.

**Document Request No. 20**

Documents identifying the homepage of any website that is (a) publicly available; and (b) not publicly available.

**Answer:** Document Numbers 270-271.

SUBMITTED BY:

FRANCES P. HADFIELD

GRUNFELD, DESIDERIO, LEBOWITZ,
SILVERMAN & KLESTADT, LLP
399 Park Ave, 25th Floor
New York, New York 10022
Tel. 212-557-4000

12

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing DEFENDANT'S RESPONSE

TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND

THINGS TO DEFENDANTS was sent via Federal Express on March 14, 2008,

addressed as follows:

> Tonia Sayour
> Cooper & Dunham
> 1185 Avenue of the Americas
> New York, New York 10036

Frances P. Hadfield

384942_1

# EXHIBIT C

# COOPER & DUNHAM LLP

### ATTORNEYS AT LAW

1185 AVENUE OF THE AMERICAS, NEW YORK, NEW YORK 10036

TELEPHONE: (212) 278-0400

CHRISTOPHER C. DUNHAM
NORMAN H. ZIVIN
JOHN P. WHITE
ROBERT B. G. HOROWITZ
ERIC O. HIRSCH
GARY J. GORSHIK
WENDY E. MILLER
ROBERT T. MALDONADO
MARIA V. MARUCCI
JEFFREY C. SHIEH
TONIA A. SAYOUR*
ASHOK G. CHANDRA*
LISA E. HORWITZ*

IVAN S. KAVRUKOV
PETER D. MURRAY
WILLIAM E. PELTON
ROBERT D. KATZ
PAUL TENG
PETER J. PHILLIPS
RICHARD B. MILNER
RICHARD F. JAWORSKI
AUDE GERSPACHER
BRIAN J. AMOS
GREGORY J. CARBO
JOSEPH A. SHERMISKI*
HINOY R. DYM*

FACSIMILE: (212) 391-0525
(212) 391-0526
(212) 391-0630
(212) 391-0631
(212) 827-0247

SCIENTIFIC ADVISOR
JAMES R. MAJOR, D. PHIL.
AMANDA L. WILLIS, PH.D.

FOUNDED 1887
www.cooperdunham.com

*NEW YORK STATE BAR ADMISSION PENDING

March 20, 2008

## BY FACSIMILE

Frances P. Hadfield, Esq.
Grunfeld, Desiderio, Lebowitz,
Silverman & Klestadt, LLP
399 Park Avenue – 25th Floor
New York, New York 10022

Re:   **Coach Services, Inc. v. Vani U.S.A., Inc. et al.**
      **Civil Action No. 07-CV-8354 (RPP-JCF)**
      **Docket No. 7162/77769**

Dear Ms. Hadfield:

We have received Defendant's Response To Plaintiff's Document Requests dated March 14, 2008. We understand that Defendants' Guangzhou Huani Co. Ltd.("Huani") and Guangzhou Weini Leather Co. Ltd. ("Weini") have terminated their relationship with your firm. However, pursuant to the Court's February 6, 2008 Order, you are still counsel of record until Huani and Weini retain new counsel in this action.

We note that you did not respond on behalf of Huani and Weini to Plaintiff's document requests. With the discovery deadline of May 29, 2008 rapidly approaching, please confirm whether Huani and Weini will respond to our discovery requests. Otherwise we will file a motion to compel and then seek sanctions from the Court, including an entry of default judgment for failure to comply with discovery.

Sincerely,

Norman H. Zivin